# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMEIRCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CV02131 JCH |
| | ) | |
| SIXTY-THREE THOUSAND, FIVE | ) | |
| HUNDRED AND SEVENTY-FIVE | ) | |
| DOLLARS IN U.S. CURRENCY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Answers to Special Interrogatories (ECF No. 12). The matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff brings a civil action *in rem* seeking forfeiture of all right, title, and interest in the defendant property pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A), (C).[2] On April 2, 2018, Juana Vasquez-Hernandez ("Hernandez"), Maria Mendoza-Vasquez ("Mendoza") and Rodrigo Ortiz-Cruz ("Ortiz") were traveling in a gray Chevrolet Suburban on Interstate 70 West within the Eastern District of Missouri. Hernandez was driving the vehicle. The Government alleges that law enforcement officers conducted a valid traffic stop of the Chevrolet Suburban which was trailering another vehicle on a car dolly, near the 205-mile marker in

---

[1] Background is taken from Plaintiff's Complaint. (ECF No. 1).

[2] 21 U.S.C. § 881(a)(6) authorizes civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." Pursuant to 18 U.S.C. §§ 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of § 1956 of Title 18, or any property traceable to such property is subject to civil forfeiture. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), any property real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952 is subject to civil forfeiture.

Foristell, Missouri. The Government states that Officers approached the Suburban and made contact with Claimant Hernandez who was driving and obtained identification from Mendoza and Cruz.

The Government states that Claimant Hernandez agreed to exit the Chevrolet Suburban and accompany an officer in a patrol vehicle. While in the patrol vehicle, Claimant Hernandez told officers that she did not have a driver's license because she is not a citizen United States. Hernandez stated that she had been in Wisconsin visiting family for the preceding fifteen days, that she owned the Chevrolet Suburban, that she had purchased the vehicle in tow in Wisconsin for $4000.00, and that she was taking the vehicle back to California. The Government alleges that Hernandez stated that she picked grapes in California when she was asked if she was employed.

Following the stop, a trained drug detection canine was deployed for a free air sniff of the Chevrolet Suburban. The canine gave an affirmative response to the presence of controlled substances near the rear cargo area of the Suburban. Hernandez denied that she possessed any narcotics or large amounts of currency inside the vehicle. Officers opened the cargo door of the Chevrolet Suburban and observed it to be packed with multiple suitcases and bags. The search of the Chevrolet Suburban uncovered a black bag containing a silver package of currency. The currency was determined to be $63, 575.00.

When interviewed Claimant Hernandez stated that the Defendant Property was from her casino winnings and given to her by her deceased husband. Confusingly, the Government also states that Claimant Hernandez signed a disclaimer form stating that she did not have interest in the defendant property. Mendoza also signed the disclaimer form. Ortiz claimed he had no notice of the defendant property. The Defendant Property was seized by law enforcement.

On December 21, 2018, the Government filed a Verified Complaint for Forfeiture as to sixty-three thousand, five hundred and seventy-five dollars in U.S. currency ($63,575.00) (ECF No. 1). On February 19, 2019, Claimant Hernandez filed a claim to the Defendant Property. (ECF No. 6). In her claim, the Claimant contends that the defendant property "was earned income from lawful employment and inheritance from Claimant's husband." *Id.* On March 14, 2019, the Government mailed Special Interrogatories to the Claimant pursuant to Rule G(6) of the Supplemental Rules to ascertain whether the Claimant had factual or legal basis to assert a claim in its civil proceeding. On April 5, 2019, Claimant's counsel requested an extension of time to submit answers to the Special Interrogatories. On April 21, 2019, Claimant submitted her answers. On April 23, 2019, The Government notified claimant counsel by email that the Answers were not satisfactory as to Special Interrogatory 2, 5, 6, 12 and 16.

## DISCUSSION

Under the Civil Asset Forfeiture Reform Act, 21 U.S.C. § 881(a)(6), "[a]ll moneys … furnished or intended to be furnished by any person in exchange for a controlled substance [and] all proceeds traceable to such an exchange" are subject to civil forfeiture. Civil forfeiture proceedings are governed by 18 U.S.C. § 983 and in Admiralty and Maritime Supplemental Rule G. Under 18 U.S.C. § 983(1), where the government executes a seizure, it must provide notice to any interested parties. Any person claiming an interest in the seized property may file a claim. *Id.* § 983(2). Where a claim has been filed, the government must commence a civil action in rem by filing a complaint for forfeiture in an appropriate court. *Id.* §983(3)(A). Any person claiming an interest in the property may then contest the forfeiture by filing a claim in the court where the civil action is pending. *Id.* § 983(4).

In the instant case, Claimant filed a claim for the forfeited property. The Government served Special Interrogatories on the Claimant. The Claimant replied to some of the Special

Interrogatories and objected to others. The Government now files a Motion to Compel regarding

certain Special Interrogatories. The Interrogatories in question are as follows:

> **Special Interrogatory 2**
> This Interrogatory asks for employment information from January 1, 2015 to the present and gross salary and income.
> **Special Interrogatories 5 and 6**
> These Interrogatories ask the claimant to state facts relating to her claim, specifically the date, time, and places in which any portion of the property was acquired and documentation to support these claims.
> **Special Interrogatory 12**
> This Interrogatory asks the Claimant for information as to whether the defendant property was claimed on her local, state or federal income taxes and the reasons that they were not declared if not declared.
> **Special Interrogatory 16**
> This Interrogatory asks the Claimant to explain why the defendant property was stored in the manner in which it was found.

The Claimant primarily objects to the above Special Interrogatories as being vague, overboard

and beyond the scope of Supplemental Rule G(6). The question before the Court is whether the

information is properly discoverable.

As a preliminary matter, Counsel for the Government and Counsel for Claimant have

discussed the substance of Special Interrogatory 16. (ECF No. 17, at 11). The Government also

asserts that the statements from the Claimant are not sworn. The Claimant is willing to provide a

sworn response. Therefore, the Court will order the Claimant to provide a sworn response to

Special Interrogatory 16.

Special Interrogatories 2, 5,6, and 12 all request information regarding Plaintiff's ability

to show an interest in the Defendant Property. Claimant has provided checks and information

about her self-employment and her late husband's employment. The Government, however,

argues that the information provided lacks specificity and documentation. The two main disputes

arise from Claimant's responses regarding Claimant's income taxes, Claimant's net and gross

salary, and Claimant's Casino winnings.

## I.    Income and Taxes

Claimant objects to the Interrogatories regarding her tax information and her net and gross income on the basis that they are not appropriately limited to the scope of Supplemental Rule G(6). (ECF No. 12-1). Claimant provided checks to demonstrate her inheritance and her earnings. The Government argues that the checks lack any specificity as to their source or use. The Claimant concedes that tax returns may contain relevant information but asserts that they are not necessary to demonstrate standing in this case. Claimant argues that not all property owned must be reported on taxes and therefore tax returns are not determinative. (ECF No. 17, at 10). The Eighth Circuit has not specifically addressed the discoverability of tax returns in civil forfeiture cases. Other Courts, however, have addressed the issue more directly. The United States District Court for the District of Columbia determined that tax and financial records spanning a seven-year period of time were discoverable because they were relevant to the issues of forfeitability and standing. *See United States v. All Assets Held at Bank Julius*, 234 F.Supp.3d 115, 119 (2017). The United States District Court for the Northern District of Illinois specifically determined that special interrogatories for tax returns do not exceed the scope of Rule G(6). *See United States v. Funds in Amount of $174,000.00*, No. 11 C 6698, 2012 WL 473146 at *2 (N.D. Il Feb. 6, 2012). The scope of the Government's Interrogatories regarding Claimant's income and taxes are therefore appropriate.

## II.    Casino Winnings Documentation

The Government requests that the Claimant identify the sources of the Defendant Property and produce supporting documentation. Claimant in her response states that a portion of the Defendant property originated from lawful gambling activity. Claimant does not identify any documentation supporting that assertion. Claimant alleges that law enforcement officers seized any documentation pertaining to her casino winnings. (ECF No. 12-1). The Government disputes

that law enforcement took the casino winnings.. (ECF No. 12 n.4). The Government, however, may challenge  Claimant's asserted reason for lacking documentation regarding her alleged casino winnings through other means of discovery. .

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Compel (ECF No. 12) is **GRANTED**. The Claimant shall provide complete and specific answers to Special Interrogatories 2, 5, 6, 12, and 16 within 21 days of this date.

Dated this 9th day, July 2019.

/s/ Jean C. Hamilton

._____
UNITED STATES DISTRICT JUDGE